```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

MAURICE SMITH,                    :
                                  :
     Plaintiff,                   :
                                  :
v.                                :    Case No. 3:13-cv-502(RNC)
                                  :
GREATER NEW HAVEN TRANSIT         :
DISTRICT; DONNA CARTER;           :
AL NAUDUS; TALEIM SALTERS,        :
                                  :
     Defendants.                  :
```

RULING AND ORDER

Plaintiff Maurice Smith, a bus driver employed by the Greater New Haven Transit District ("the District"), brings this action pro se against the District and three of its officers, Donna Carter, Al Naudus and Taleim Salters, seeking damages stemming from a ten-day suspension. Defendants have moved to dismiss all but the Title VII claims against the District and all claims against the individual defendants for failure to state a claim on which relief may be granted. For the following reasons, the motion is granted in part and denied in part.

The operative complaint [ECF No. 21] alleges that on May 5, 2011, plaintiff was suspended for ten days based on a report that he was seen on April 7, 2011, using his cell phone while operating a bus on duty. The complaint further alleges that after he was involved in an accident while operating a bus on duty on April 16, 2012, he was denied an opportunity to receive medical treatment during working hours. The complaint alleges that the ten-day suspension was motivated by race discrimination

and retaliation in violation of Title VII.  The pro se complaint also refers to: Conn. Gen. Stat. § 31-312(c), a provision of Connecticut's Workers' Compensation Act; Conn. Gen. Stat. §§ 46a-60(a)(1) and (4), provisions of the Connecticut Fair Employment Practices Act ("CFEPA"); and the Americans with Disabilities Act.

In ruling on a motion to dismiss, the court assumes the truth of the factual allegations of the complaint and interprets them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  A complaint is sufficient to state a claim on which relief may be granted if the factual allegations show that the plaintiff has a plausible claim.  Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Conclusory allegations are not sufficient.  Id. at 678-79.

Defendants move to dismiss the claims against the District, other than the claims under Title VII, on the ground that the District is a political subdivision of the State.  On the present record, the Court is unable to conclude that the District is a political subdivision of the State.  See Westport Taxi Serv., Inc. v. Westport Transit Dist., 235 Conn. 1, 26 (1995) ("[W]hether [the Westport Transit District] is an agency of the

state claiming the protection of sovereign immunity or an agency of the town claiming a limited immunity, the issue of whether it is entitled to such immunity is fact bound."); see also Conn. Gen. Stat. § 7-273c (indicating that transit districts are managed by electors from constituent municipalities). Accordingly, the motion to dismiss the claims against the District on this basis will be denied.

Defendants also move to dismiss the claims against the individual defendants under Title VII, the ADA, and Conn. Stat. § 46a-60(a)(1) on the ground that only "employers" are subject to liability under these statutes. Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) (Title VII); Corr v. MTA Long Island Bus, 199 F.3d 1321, at *2 (2d Cir. 1999); Perodeau v. City of Hartford, 259 Conn. 729, 744 (2002) (Section 46a-60(a)(1)). I agree that these claims must be dismissed with prejudice because the statutes do not provide a basis for individual liability.

In contrast to the statutes just listed, Conn. Gen. Stat. § 46a-60(a)(4) applies to "any person" who retaliates against an employee for exercising rights under the CFEPA. However, the factual allegations of the complaint fall short of showing the existence of a plausible retaliation claim as to any of the individual defendants. Accordingly, any claims under this section of the CFEPA will also be dismissed.

Finally, defendants move to dismiss any claim under Conn. Gen. Stat. § 31-312(a) and (c) on the ground that the exclusive

remedy for violations of these provisions is a complaint filed with the Workers' Compensation Commissioner.  I agree.  See <u>DeOliveira v. Liberty Mitt. Ins. Co.</u>, 273 Conn. 487, 495—97 (2005).

Accordingly, the motion to dismiss is granted in part and denied in part.  All claims against the individual defendants are dismissed with prejudice except for the claim under Conn. Gen. Stat. § 46a-60(a)(4), which is dismissed without prejudice, and all claims under the Workers' Compensation Act are dismissed.

So ordered this 29th day of September 2014.

                                                /s/ RNC
                                      Robert N. Chatigny, U.S.D.J.